UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL ANTHONY LORUSSO,

    Petitioner,

v.                                                Case No. 8:23-cv-2834-WFJ-AEP

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court on *pro se* Petitioner Michael Anthony LoRusso's petition for writ of habeas corpus. (Doc. 1). In October 2022, Mr. LoRusso filed a habeas petition under 28 U.S.C. § 2254, challenging his state-court conviction for aggravated stalking. *LoRusso v. Sec'y, Dep't of Corr.*, No. 8:22-cv-2258-MSS-TGW, Doc. 1 (M.D. Fla.). The court in that case appointed counsel for Mr. LoRusso. *Id.*, Docs. 57, 58, 59. Shortly thereafter, Mr. LoRusso appealed the order appointing counsel, claiming that the court had erroneously "force[d] a[n] attorney" on him. *Id.*, Doc. 84 at 2. The court stayed and administratively closed the action until the resolution of Mr. LoRusso's interlocutory appeal, *id.*, Doc. 104, which remains pending, *LoRusso v. Sec'y, Dep't of Corr.*, No. 23-12711 (11th Cir.).

Mr. LoRusso subsequently filed the present petition with the Eleventh Circuit, requesting "emergency relief of habeas corpus." (Doc. 1 at 1). The Eleventh Circuit

transferred the matter to this Court under Federal Rule of Appellate Procedure 22(a), which provides that "[a]n application for a writ of habeas corpus must be made to the appropriate district court." (Doc. 1-2).

In his petition, Mr. LoRusso appears to contend that his state-court conviction for aggravated stalking violates the First Amendment. (Doc. 1 at 5). He also alleges that the judge presiding over his § 2254 action "denied due process [and] access to the courts" by appointing him counsel. (*Id.* at 1). In addition, Mr. LoRusso makes a variety of apparently irrelevant allegations about former President Donald Trump, Governor Ron DeSantis, Attorney General Ashley Moody, Elon Musk, the Oath Keepers, and Moms for Liberty. (*Id.* at 2-6).

Mr. LoRusso's petition is due to be dismissed without prejudice. To the extent that Mr. LoRusso raises arguments challenging his state-court conviction for aggravated stalking, his petition must be dismissed as duplicative of the § 2254 petition in 8:22-cv-2258-MSS-TGW. *See Daker v. Allen*, No. 6:17-cv-23, 2020 WL 1486868, at *7 n.13 (S.D. Ga. Mar. 3, 2020) ("[C]ourts routinely reject attempts by prisoners to pursue multiple, essentially identical habeas petitions." (collecting cases)), *adopted by* 2020 WL 1503121 (S.D. Ga. Mar. 24, 2020). To the extent that Mr. LoRusso seeks to challenge the court's rulings in 8:22-cv-2258-MSS-TGW, he must raise those issues on appeal with the Eleventh Circuit.

Accordingly, it is **ORDERED** that:

1. The petition (Doc. 1) is **DISMISSED without prejudice**.

2. Mr. LoRusso is **DENIED** a certificate of appealability because he cannot show "that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because Mr. LoRusso is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

3. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on December 13, 2023.

*[signature]*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**